UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KYVA B. WILLIAMS**                                             **CIVIL ACTION**

**VERSUS**                                                       **No. 06-8775**

**ALLSTATE INSURANCE COMPANY,**                                  **SECTION "C"**
**ET AL**

ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Kyva B. Williams ("Williams") (Rec. Doc. 5). Defendant, Allstate Insurance Company ("Allstate") opposes the motion. The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In its Notice of Removal, Allstate, alleges that the jurisdictional minimum is met, because Williams's petition asserts severe damage to her home and contents, the minimum value of which exceeds the requisite jurisdictional minimum.  See, Rec. Doc. 1.  Furthermore, Allstate asserts that Williams contends that the damages exceed her policy limits which are $102,000 in coverage for the structure, $12,900 in coverage for additional appurtenance structures, $51,000 for contents.  See, Rec. Doc. 6.  In her state court petition, Williams claims that her damages included "loss of use of her residence, mold growth and general ruination of the building," but the petition does not say that

the damage exceeded her policy limits. See, Rec. Doc. 1. Furthermore, in her motion to remand, Williams asserts that her damages are less than $75,000.[1] Although, Williams does not provide a stipulation that she will not seek judgment in excess of the jurisdictional minimum, exclusive of interest and costs, Allstate presents no other proof that the jurisdictional minimum existed at the relevant time.

Based on the record and the law, the Court finds that the defendant has not met its burden to establish subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that Williams's Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana, this 14th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court assumes that the stipulation refers to the amount in controversy at the relevant time of removal.